# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**Christian Soto-Cosme,**

  Petitioner,

  v.

**United States of America,**

  Respondent.

CIVIL NO. 16-2023(PG)
Related Crim. No. 06-053(PG)

## OPINION AND ORDER

Before the court is Petitioner Christian Soto-Cosme's (henceforth "Petitioner" or "Soto-Cosme") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dockets No. 2, 17) and the United States' (or the "government") opposition thereto (Docket No. 22). For the following reasons, the court **DENIES** Petitioner's motion to vacate.

## I. BACKGROUND

Soto-Cosme was originally charged in 2006 in Criminal Case No. 06-053 (PG) for three separate crimes: 1) one count for aiding and abetting in a bank robbery which put in jeopardy the life of another person by use of a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) and (d); 2) one count of aiding and abetting in the use, carrying, and brandishing of a firearm involved in a bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and, 3) one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Concurrently, Petitioner was charged in Criminal Case No. 06-055 (PG) for: 1) robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); 2) brandishing a firearm, in violation

of 18 U.S.C. § 924(c)(1)(A)(ii); and, 3) illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On August 1, 2007, Soto-Cosme entered into a plea agreement with the government in exchange for pleading guilty to all three counts in Criminal Case No. 06-053 (PG), and counts one and three in Criminal Case No. 06-055 (PG). Count Two of the indictment in Criminal Case No. 06-055(PG) was dismissed as a result of this agreement.

The court sentenced Soto-Cosme to a total term of imprisonment of 358 months for all five counts. See Criminal Case No. 06-053 (PG), Docket No. 116. On appeal, the First Circuit affirmed Soto-Cosme's sentences. See Criminal Case No. 06-053(PG), Docket No. 139.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United states, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); Hill v. United, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

## III. DISCUSSION

On May 31, 2016, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and in light of Johnson v. United States, 135 S.Ct. 2551 (2015) (Johnson II). Soto-Cosme asserts that his sentence under 18 U.S.C. § 924(c) must be vacated because the underlying count, namely, aiding and abetting federal bank

robbery, is not a "crime of violence" under § 924(c). Petitioner contends that aiding and abetting federal bank robbery cannot be labeled as a "crime of violence" under the section's residual clause, found in § 924(c)(3)(B), as said residual clause is allegedly unconstitutionally vague after <u>Johnson II</u>.[1] The court finds that it does not need to address Petitioner's constitutional void-for-vagueness challenge regarding § 924(c)'s residual clause because federal bank robbery under §§ 2113(a) and (d) qualifies as a "crime of violence" under § 924(c)'s "force clause," § 924(c)(3)(A).

Next, Soto-Cosme argues that in order for a felony to be a "crime of violence" pursuant to the "force clause" in § 924(c)(3)(A), the felony must have "as an element the use, attempted use **or threatened use of physical force** against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (emphasis added). On the other hand, "whoever, by force and violence, **or by intimidation**, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or any other thing of value belonging to [...] any bank [...]" will have committed a federal bank robbery. 18 U.S.C. § 2113(a)(emphasis added). Soto-Cosme contends that federal bank robbery cannot be labeled as a "crime of violence" under § 924(c)'s "force clause" because the offense can be committed via intimidation, which does not require physical force. This argument is predicated on the premise that if the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence." <u>See</u> <u>United States v. Torres-Miguel</u>, 701 F.3d 165, 167 (4th Cir. 2012). Petitioner reasons that if he could have committed

---

[1] The residual clause at § 924(c)(3)(B) states that a "crime of violence" is an offense that is a felony and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

federal bank robbery using intimidation alone, then the criminal conduct does not fit the epithet of a "crime of violence."

Even if Soto-Cosme could have committed federal bank robbery via intimidation alone, said felony would still be labeled as a "crime of violence" under § 924(c)'s force clause. In United States v. Ellison, 866 F.3d 32 (1st Cir. 2017) and Hunter v. United States, 873 F.3d 388 (1st Cir. 2017), the First Circuit found that the conduct prohibited by § 2113, to wit, federal bank robbery, is a "crime of violence" pursuant to the "force clause" of the career-offender sentencing guideline and § 924(c)(3)(A), respectively. In Ellison, the court employed the same categorical approach utilized by Soto-Cosme in order to arrive at the opposite conclusion. The Ellison court concluded that proving intimidation under 18 U.S.C. § 2113(a) requires "proving that a threat of bodily harm was made." Ellison, 866 F.3d at 37. The Ellison court could not foresee any realistic probability of the statute applying to the commission of a bank robbery where a threat of bodily harm was made or inferred, but the means of causing said bodily harm would not constitute physical force. See id. In other words, it is highly improbable to find a scenario in which the victim of a bank robbery reasonably infers a threat of bodily harm based on the defendant's words and actions, but said bodily harm is not the expected result of a possible physical force instigated by the defendant.

In fact, other circuits have gone so far as to say that a taking by intimidation under § 2113(a) constitutes *ipso facto* a threat to use physical force, as the defendant must know that his or her actions would create in an ordinary person the impression that resistance would be answered with force. Id. at 36 (quoting United States v. Jenkins, 651 Fed. Appx. 920, 924 (11th Cir. 2016)). The First Circuit in Ellison pointed out that "we are not

supposed to imagine 'fanciful, hypothetical scenarios' in assessing what the least serious conduct is that the statute covers." Ellison, 866 F.3d at 38 (quoting United States v. Fish, 758 F.3d 1, 6 (1st Cir. 2014)). Therefore, the analysis employed when assessing what is the least culpable means for committing federal bank robbery should be restricted to those means that fall squarely within the realm of possibility. The Ellison court thus concluded that federal bank robbery qualifies as a "crime of violence" under the career-offender sentencing guideline's "force clause," U.S.S.G. § 4B1.2(a)(1), because said felony "has as an element the use, attempted use, or threatened use of physical force against the person of another." Hunter, 873 F.3d at 390 (quoting Ellison, 866 F.3d at 37).

Following its decision in Ellison, the First Circuit extended the analysis employed therein to the facts in Hunter in order to classify the conduct defined by § 2113 as a "crime of violence" under the "force clause" of § 924(c)(3)(A). The Hunter court pointed out that the sole difference in language between the "force clause" of the career-offender sentencing guideline, U.S.S.G. § 4B1.2(a)(1), at issue in Ellison, and the "force clause" in § 924(c)(3)(A), at issue in Hunter as well as here, is the latter's reference to the "use of physical force against the person **or property** of another." 18 U.S.C. § 924(c)(3)(A)(emphasis added). Therefore, the scope of § 924(c)'s force clause is greater than that of U.S.S.G. § 4B1.2(a)(1), as it encompasses both persons **and** property.

It follows, then, that after Hunter even the least culpable alternative mean of accomplishing the conduct prohibited by § 2113(a) and (d), federal bank robbery, is a "crime of violence" under the "force clause" of § 924(c). Consequently, any means that are more violent than the use of intimidation in the perpetration of a bank robbery must also be considered sufficient for meeting the requirements set by § 924(c)'s "force clause."

Following the decisions in Ellison and Hunter, federal bank robbery as defined by § 2113, must be considered a "crime of violence," under § 924(c)(3)(A), regardless of the means employed to perfect the crime. As a result, the court concludes that Soto Cosme's argument holds no water and his motion to vacate is, therefore, **DENIED**.

Petitioner also asserts that **aiding and abetting** a federal bank robbery cannot be considered a "crime of violence" under § 924(c)'s "force clause." Petitioner argues that **aiding and abetting** a bank robbery, as defined by 18 U.S.C. § 2113, does not require the use, attempted use, or threatened use of violent physical force because the jury need not find that the defendant himself used force to effect the bank robbery. Under federal law, "whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." 18 U.S.C § 2(b). In other words, "one who aids and abets an offense 'is punishable as principal' […] and the acts of the principal become those of the aider and abetter as a matter of law." United States v. Mitchell, 23 F.3d 1, 3 (1st Cir. 1994) (per curiam) (quoting United States v. Simpson, 979 F.2d 1282, 1285 (8th Cir. 1992)). Aiding and abetting is not considered a separate offense from the underlying substantive crime. See Mitchell, 23 F.3d at 2 (quoting United States v. Sánchez, 917 F.2d 607, 611 (1st Cir. 1990)).

Furthermore, "aiding and abetting the commission of a crime of violence is a crime of violence itself." Mitchell, 23 F.3d at 3. After Ellison and Hunter, the First Circuit classified federal bank robbery as a "crime of violence" under § 924(c)'s "force clause," therefore aiding and abetting a federal bank robbery must logically be considered a "crime of violence" as well under the same clause. The aider and abettor of a federal bank robbery is legally responsible for the acts of the principal, meaning that Soto-Cosme committed

all the elements of a principal bank robbery that merit the epithet of a "crime of violence" under the "force clause" of § 924(c).

Based on the above-cited cases, which serve as binding precedent, the court finds that Soto-Cosme's argument regarding § 924(c)'s force clause lacks merit. Accordingly, his request for habeas relief on these grounds is **DENIED**.

Lastly, Soto-Cosme asserts that his sentence in Criminal Case No. 06-055 (PG) was subject to an improper enhancement based on the conduct that was originally charged by the later dismissed Count Two. Soto-Cosme states that the enhancement was improper as it was imposed without Petitioner being granted "any advanced warning or given the chance to object." Docket No. 17 at page 16. Said enhancement resulted in a five-level increase to Petitioner's total offense level.

Generally, Section 2255 motions must be filed within one year of the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255(f)(1). The First Circuit affirmed all of Petitioner's convictions on July 6, 2009. See Criminal Case No. 06-053(PG), Docket No. 139. Soto-Cosme raised this present enhancement issue for the first time on July 11, 2016, via a motion to amend his original Section 2255 petition (Docket No. 6). Soto-Cosme's sentencing enhancement claim is separate and unrelated to his principal claim under Johnson II. Therefore, the special period conceded by the United States for presenting claims under Johnson II does not open the door to Petitioner's sentencing enhancement claim. Since the Johnson II exception does not apply to this argument, Petitioner's sentencing enhancement claim was subject to the one-year period of limitation imposed by 28 U.S.C. § 2255(f)(1). Because it was raised past the applicable one-year period of limitation, the same is time barred.

## IV. CONCLUSION

Based on the foregoing, the court **DENIES** Petitioner's request for habeas relief under 28 U.S.C § 2255 (Dockets No. 2, 17). As such, the case is **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

## V. CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, July 16, 2018.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**
